**POINT OF AMERICAS CONDOMINIUM APARTMENTS, INC.—PHASE II, et al., Plaintiffs,**

v.

**GENERAL BUILDERS CORPORATION et al., Defendants,**

v.

**Harold LIEBMAN et al., Third-Party Defendants.**

**No. FL75–163–CIV–JLK.**

United States District Court,
S. D. Florida,
Miami Division.

Dec. 20, 1976.

Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, Fla., for plaintiffs.

Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for defendants.

## ORDER

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration sua sponte. The court, having considered the record and being fully advised in the premises, finds and concludes that the third-party complaint and the counterclaim should be dismissed; pendent jurisdiction should be declined; and subject matter jurisdiction should be briefed by the parties.

The complaint in the instant case was filed on April 14, 1976, as a class action. Jurisdiction was alleged under the Securities and Exchange Acts of 1933 and 1934, 15 U.S.C. Sections 77a et seq., 78a et seq. and the Antitrust Laws, 15 U.S.C. Section 15, 28 U.S.C. Section 1337. Several state claims were alleged pursuant to this court's discretionary pendent jurisdiction.

On July 23, 1975 and again on August 18, 1975, the defendants answered the complaint and filed a 12 count third-party complaint. Eleven counts are in the nature of indemnification, contractually and by common law, and relate to plaintiffs' claims under the Securities laws. (Para. 42 of complaint.) Count 12 is a claim for contractual indemnity relating to plaintiffs' pendent count for breach of fiduciary duty. (Para. 77–78 of complaint.)

On August 15, 1975, third-party defendant Milbrand Roofing Company answered the third-party complaint and filed its counterclaim against all defendants for damages arising from services performed but unpaid for.

On September 10, 1976, this court dismissed the claims in the complaint arising out of the Securities Acts. Since counts 1–11 of the third-party complaint were specifically and solely related to the Securities

claims of the plaintiffs' complaint, these counts must be dismissed as well. Rule 14(a) Fed.R.Civ.P. Additionally, since third-party defendant Milbrand Roofing Company's counterclaim was specifically and solely related to the third-party complaint, it also must be dismissed. Rule 13 Fed.R.Civ.P.

The plaintiffs have alleged six pendent claims, variously labeled as; violation of Florida Security Laws; breach of contract; breach of implied warranty; tortious acts; breach of fiduciary duty; and violations of New York Condominium Law. Although it is clear that there exists *power* in the Federal Courts to hear pendent claims, *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), what is many times not clear to litigants is that this judicial power is discretionary and not mandatory or automatic. In *Gibbs, supra,* at 726, 86 S.Ct. at 1139, the court said

That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

The considerations of judicial economy, convenience and fairness to litigants, and comity, persuade the court that it should not exercise its discretion to take pendent jurisdiction over plaintiffs' state claims.

Count 12 of the third-party complaint relates specifically and solely to the pendent claim of breach of fiduciary duty. Since the court declines to take jurisdiction of the pendent claims, this count must also be dismissed.

This case is thus reduced to plaintiffs' antitrust claims under the Sherman Act, 15 U.S.C. Sections 1 and 2. These claims were answered by defendants on July 23, 1975 and again in August 8, 1975. The case has therefore been at issue for over one year.

A jurisdictional requirement for actions under the Sherman Act, Sections 1 and 2 is that the alleged restraint of trade must affect interstate commerce. This effect can be demonstrated either by a showing that the involved transactions were within the flow of interstate commerce or that even though the transactions were wholly intrastate or local, they nevertheless substantially affected the flow of interstate commerce. *United States v. Shubert,* 348 U.S. 222, 75 S.Ct. 277, 99 L.Ed. 279 (1955); *Klor's, Inc. v. Broadway-Hale Stores, Inc.,* 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959); *United States v. South Fla. Asphalt Co.,* 329 F.2d 860 (5th Cir. 1964), *cert. denied,* 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964).

The complaint in this case alleges that the defendants were engaged in interstate commerce and that the subject Management Agreement substantially and adversely affected commerce among the several states. (Para. 47, 48.) This court is not sure that the interstate commerce jurisdictional requirement can be met in this case. In view of this, it would not be in the interests of the parties or of judicial economy to allow the case to proceed until the issue is resolved. It is therefore,

ORDERED and ADJUDGED that the third-party complaint and third-party defendant Milbrand Roofing Company's counterclaim, be and the same are hereby dismissed. It is further

ORDERED and ADJUDGED that plaintiffs' pendent claims be and the same are hereby dismissed without prejudice to plaintiffs' right to bring these actions in state court. It is further

ORDERED and ADJUDGED that the plaintiffs and defendants submit memoranda of law, affidavits, and any other materi-

als pertinent to the issue of the court's subject matter jurisdiction of the antitrust claims.